**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AMEGY BANK NATIONAL ASSOCIATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:11-CV-3218 |
| MONARCH FLIGHT II, LLC, *et al.*, | § § § | |
| Defendants. | § | |

**TEMPORARY INJUNCTION**

The plaintiff, Amegy Bank National Association ("Amegy"), filed a Verified Application for Injunctive Relief, (Docket Entries No. 1 & 4), and a Supplement, (Docket Entry No. 7), requesting a temporary injunction and other relief against the defendant, William B. Johnson ("Johnson"). The court entered an Unopposed Amended Temporary Restraining Order signed September 20, 2011, (Docket Entry No 24), and held an evidentiary hearing, after which it granted a motion for reconsideration and on December 7, 2011, signed and issued a Memorandum and Order setting out facts and conclusions of law. That Memorandum and Order found and concluded that Amegy was entitled to a temporary injunction.

The record showed that Amegy initially funded a $15 million loan to Monarch Flight II, LLC ("Monarch Flight") on or about May 1, 2008. The terms of the loan were set forth in a Promissory Note, dated May 1, 2008, signed by Johnson in his capacity as managing member of Monarch Flight. To secure the $15 million loan, Johnson, in his individual capacity, executed a Guaranty Agreement obligating him to pay and perform all of the obligations on the Promissory Note in the Event of a Default. The $15 million loan from Amegy matured on May 1, 2011, and all outstanding principal

as well as all accrued and unpaid interest became due and payable at that time. Amegy is owed all outstanding principal and accrued interest. As of September 19, 2011, Amegy is owed at least $16,147,756.95, with per diem interest of $4,166.09 thereafter. Failure to pay the principal and interest upon the maturity of the loan constitutes an Event of Default under the Guaranty Agreement.

This Temporary Injunction is based on findings and conclusions made after the evidentiary hearing that include the following:

1. If the court does not issue the Temporary Injunction, Amegy will probably sustain injury before a trial on the merits due to the transfer of assets by Johnson and by Johnson's likely insolvency before a judgment can be rendered and collected should such transfers be allowed.

2. Amegy has a substantial likelihood for success on the merits, irreparable harm to Amegy is imminent without injunctive relief, and there is no adequate remedy at law should Johnson not be restrained from the further transfer or encumbering of the assets specified.

3. The court has balanced the equities and found that the benefits of the Temporary Injunction outweigh any harm to Johnson and the public. Amegy has met the standards for and is entitled to a Temporary Injunction until further proceedings can be held in this case.

The following order is entered:

1. A constructive trust is imposed on money and property that Johnson acquired from Amegy, including money obtained and property improved or benefitted using the proceeds of the sale of partnership shares, up to $16 million as of the date of the hearing. The property on which

the constructive trust is imposed is the real and personal property that Johnson benefitted or improved using the funds he obtained, including monies and property (real or personal) Johnson obtained from the retention of the proceeds from selling 825,427 units of partnership interest in Host Hotels & Resorts, L.P. that Johnson pledged as collateral, on May 1, 2008, to secure the $15 million Promissory Note to Amegy. The constructive trust applies regardless of whether the monies and property have been maintained separately, commingled with other funds, or used to acquire, benefit, or improve real or personal property, including the real property and improvements identified as Constructive Trust Property in paragraph 3(a) below.

      3.      Except as set forth in this Temporary Injunction, William B. Johnson and his employees, agents (including, but not limited to, Pam Martin), representatives, attorneys, partners, creditors, bankers (including, but not limited to, JPMorgan Chase Bank, N.A., Deutsche Bank, and SunTrust Bank), servants, all persons acting by or under their authority, and all persons acting in concert or participation with them or others, and who receive actual notice of this Temporary Injunction by facsimile, e-mail, or otherwise, are ordered to cease and refrain from, directly or indirectly:

    a.    withdrawing, transferring, selling, assigning, dissipating, concealing, alienating, leasing, pledging, encumbering, impairing, offsetting, or otherwise disposing of in any manner the following Constructive Trust Property: (i) 1035 Spyglass Lane, Naples, Collier County, Florida, (ii) 355 River Bend Road, Bedford County, Tennessee, (iii) the real estate owned by Johnson and his wife in the Third (3d) Civil District of Bedford County, Tennessee, and collectively identified as Waterfall Farms, (iv) the real estate development Johnson owns through his business entities in the Bahamas known as Orchid Bay or Guana Cay, (v) the real estate Johnson co-owns in Shelbyville, Tennessee known as Airport Business Park, and (vi) the real Johnson owns or co-owns known as 100 West Paces Ferry Road NW in Atlanta, Georgia.

    b.    withdrawing, transferring, selling, assigning, dissipating, concealing, alienating, leasing, pledging, encumbering, impairing, offsetting, or otherwise disposing of in

        any manner any property that has been purchased, leased, improved, or otherwise acquired in any way, in whole or in part, with the Constructive Trust Property;

c. causing or aiding anyone who does or attempts to transfer, assign, dissipate, conceal, alienate, lease, pledge, encumber, impair, offset, or otherwise dispose of in any manner the Constructive Trust Property;

d. taking or causing to be taken, any action that would have the effect of concealing or removing from the jurisdiction of this court, or that would have the effect of depreciating, damaging, or in any way diminishing the value of any of the Constructive Trust Property; and

e. destroying, concealing, altering, or disposing of, in any manner, directly or indirectly, concerning or relating to his assets and his financial, business, and personal interests, such as checking accounts, financial statements, and depreciation, mortgage interest, dividend, and K-1 schedules from his 2008-2010 federal income tax returns, which records contain evidence relevant to Amegy's claims (the "Financial Records").

4. Johnson may dispose of Constructive Trust Property only on either the express written consent of Amegy's counsel of record in this lawsuit, or upon further written order of this court.

5. In the event that Johnson's assets that are not subject to the terms of this Temporary Injunction are insufficient to pay, in the ordinary course of his affairs, his reasonable, necessary, and ordinary living expenses (such as monthly mortgage payments, monthly payments for automobile loans, utility bills, meals, and the like), Johnson may petition this court for an order granting him leave to use Constructive Trust Property to pay such living expenses.

6. Johnson may seek to relieve himself of this Temporary Injunction by posting a satisfactory bond in the amount of $16,100,000.00 in a form approved by Amegy and this court.

7. To assure that the terms of this Temporary Injunction have been carried into effect, Johnson and his counsel must hand deliver, fax, e-mail, or mail, within twenty-four (24) hours of the entry of the Temporary Injunction, a copy of the order to all banks, brokerage firms, insurance

companies, payroll agents and other financial institutions that are in possession of property in which Johnson (or his agents, representatives, signatories, or affiliates) has any right, title or interest or which owe any debts, property or any monies to him, and to any banks or financial institutions or sources to which Johnson has applied for loans or financing within the last year.  Johnson and his lawyer must provide to the court and to Amegy's counsel within forty-eight (48) hours after sending the notice required in the immediately preceding sentence: (1) a list identifying the names, addresses, telephone and facsimile numbers, and e-mail addresses of all recipients of said notice or copies of said notice (and any accompanying documents used incident to sending notice, such as the transmittal letter, e-mail read receipt, or facsimile cover page) identifying the name of the recipient and address, facsimile number and/or e-mail address, no later than three (3) days after the entry of the court's Temporary Injunction; and (2) serve on Amegy's counsel a written report of the location of all Constructive Trust Property.  For any of such property, Johnson must identify any liens, encumbrances, transfers, or sales that have taken place or on which he has held discussions or negotiations as present or potential liens, encumbrances, transfers, or sales, within the last 90 (ninety) days.  For money, securities, certificates of deposit, and other financial instruments, Johnson must provide information such as the amount of money being held, the name of the depository, the name of the account holder, and the account number.  For other property, Johnson must provide a description of the property, its location, and its value.

8.      Johnson must preserve the Financial Records, as well as all other records relevant to the claims and defenses in this lawsuit.

9.      This Temporary Injunction will remain in full force and effect until the entry of the final order disposing of this case.

10. Amegy must deposit a bond or a cash deposit in lieu thereof at the previously tendered amount of $5,000.00 as security for this Temporary Injunction.

11. Trial is set for **February 28, 2012 at 9:00 a.m.**, in the courtroom of Judge Lee Rosenthal, of the United States District Court, Southern District of Texas, Houston Division, 515 Rusk Avenue, Houston, Texas 77002.

SIGNED on December 7, 2011, at Houston, Texas.

                                          Lee H. Rosenthal
                                        United States District Judge